UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT AMBROSE EDWARDS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>NEVADA STATE CONTRACTORS BOARD, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:16-cv-01256-MMD-VCF<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Robert Ambrose Edwards, proceeding pro se, initiated this action by filing a "Civil Rights Complaint" entitled "Civil Rights Violations Constitutional Rights Violations" ("Complaint"). (ECF No. 1.) Plaintiff names as defendants the State of Nevada Contractors Board ("the Board") and an investigator for the Board, as well as Clark County, Henderson Justice Court ("Justice Court"), and three deputy district attorneys for Clark County (the latter group collectively "County Defendants"). Before the Court is County Defendants' Motion to Dismiss ("Motion"). (ECF No. 2.) The Court has reviewed Plaintiff's response (ECF No. 8) and County Defendants' reply (ECF No. 10). The Board filed a joinder to the Motion and its own motion to dismiss, which is not fully briefed. (ECF No. 12.) Because the Court finds that dismissal is mandated here, the Board's motion to dismiss is denied as moot.

## II. BACKGROUND FACTS

Plaintiff filed his Complaint on June 6, 2016. (ECF No. 1.) The allegations of the Complaint are difficult to parse.[1] Plaintiff alleges that the Board charged him with working without proper licenses in Henderson in violation of Nevada law. (*Id.* at 3.) The charges were adjudicated before the Justice Court. (*Id.*) On March 23, 2016, Plaintiff made a special appearance to challenge the Justice Court's jurisdiction. Plaintiff claims that he did not return to court after a break because he was too ill to continue to wait after having waited for an hour. (*Id.* at 6-7.) According to Plaintiff, a warrant was issued for his arrest and he was subsequently detained. (*Id.* at 7.) The Complaint identifies four claims: false arrest and false imprisonment, deprivation of rights under color of law, conspiracy, and kidnapping. (*Id.* at 16-18.)

## III. DISCUSSION

County Defendants argue that Plaintiff fails to state a claim because his claims all stem from his arrest, which was based on a valid bench warrant for his failure to appear. (ECF No. 2.) In response, Plaintiff argues that by filing this case here he intended to seek removal of the state court action, not to file a new complaint.[2] (ECF No. 8 at 2.) Plaintiff also contends that he is challenging the Justice Court's jurisdiction to issue the bench warrant. (*Id.*) Based on those allegations that the Court can discern from the Complaint and Plaintiff's response, the gist of Plaintiff's claims involves challenges to the Justice Court's jurisdiction to adjudicate the charges against Plaintiff. However, this Court cannot entertain Plaintiff's claims as the Court lacks jurisdiction to adjudicate Plaintiff's challenge to an ongoing state court proceeding.[3]

---

[1] Plaintiff refers to himself as "Defendant" throughout the Complaint and appears to incorporate extensive materials from cases and other resources. (ECF No. 1.)

[2] Plaintiff filed a separate motion entitled "Leave of Court to Amend Removal." (ECF No. 9.) The Magistrate Judge properly denied Plaintiff's motion, finding that Plaintiff initiated this action by filing his Complaint and not by removing a state court action. (ECF No. 12.)

[3] The Court has a duty to sua sponte consider whether it has jurisdiction. *See Nome Eskimo Community v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995) (citing *In re Ferrante*, 51 F.3d 1473, 1476 (9th Cir. 1995).

Under *Younger* abstention principles, a federal court may not exercise jurisdiction when doing so would interfere with ongoing state judicial proceedings. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). A federal court must abstain where: (1) state proceedings are ongoing when a federal court conduct proceeding of substance on the merits; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. *See Middlesex*, 457 U.S. at 432; *M & A Gabaee v. Cmty. Redev. Agency of City of L.A.*, 419 F.3d 1036, 1041 (9th Cir. 2005). The Ninth Circuit has also "identified a fourth requirement: the requested relief must seek to enjoin — or have the practical effect of enjoining — ongoing state proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

Here, all the *Younger* requirements are satisfied. First, as is evidenced by Plaintiff's attempt to characterize his Complaint as an attempt to remove (ECF No. 8 at 2), the state court action remains pending before the Justice Court. Second, the Justice Court action involves alleged violations of state law based on charges that Plaintiff operated as a contractor without proper licenses. (ECF No. 1 at 2.) Third, Plaintiff is still able to raise his jurisdictional challenges and any constitutional claims before the state courts. Lastly, the Court finds that allowing Plaintiff's claims to proceed in this Court would have the practical effect of enjoining the state proceedings since Plaintiff challenges the Justice Court's jurisdiction.

## IV.   CONCLUSION

It is therefore ordered that County Defendants' Motion to Dismiss (ECF No. 2) is granted. The State of Nevada Contractors Board's request to join Defendants' Motion is

///
///
///
///
///

granted and the Board's motion to dismiss (ECF No. 20) is denied as moot. Plaintiff's claims are dismissed without prejudice.

The Clerk is directed to close this case.

DATED THIS 20th day of October 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4